UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-9

**DORIS GIFFORD**                                                                 **PLAINTIFF**

v.

**AMERICAN RIVER**
**TRANSPORTATION CO.**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaim for Failure to Plead Allegations with Sufficient Particularity (Docket #22). Defendant has responded (Docket #25). Plaintiff has not replied. This matter is now ripe for adjudication.

Plaintiff filed suit in this Court on January 19, 2010, seeking damages under the Jones Act, the general maritime law of unseaworthiness, and the general maritime law of maintenance and cure. On March 14, 2011, Defendant filed an amended answer and counterclaim. The Counterclaim contains two counts: (I) General Maritime Law - Recovery of Maintenance, Cure and Other Benefits, and (II) Fraud. Plaintiff has now moved to dismiss the Counterclaim, arguing that Defendant failed to state its claims of fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a complaint of fraud, at a minimum, must allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Marlar v.*

*BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (internal quotation marks and citations omitted). Plaintiff alleges that Defendant has failed to plead specific dates, places and the persons to whom the alleged statements were made.

Defendant argues that the Counterclaim satisfies Rule 9(b) because the necessary information has been plead with particularity, "i.e.,: (1) Times – April 2005 and October 2, 2008 - April 2009; (2) Place – application for employment with ARTCO and Plaintiff's treating doctors; (3) Content – concealment of history of lupus and receipt of Social Security benefits; and (4) Damages – $18,230.19." Def.'s Resp., DN 25, p. 3. In addition, Defendant notes that it submitted numerous supporting documents in its motion to amend which provide more than enough information to give Plaintiff fair notice of Defendant's claims.

The Court has reviewed Defendant's Counterclaim and finds that the allegations of fraud were plead with sufficient particularity. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss is DENIED.